IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JACOB NATE ANDERSEN,

           Plaintiff,

    v.

MS. BRIGITTE AMSBERRY,

           Defendant.

Case No. 2:17-cv-00133-SI

ORDER TO DISMISS

SIMON, District Judge.

    Plaintiff, an inmate at the Two Rivers Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983. In a separate Order, the court has granted plaintiff leave to proceed *in forma pauperis*. However, for the reasons set forth below, plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

///

1 - ORDER TO DISMISS

## BACKGROUND

Plaintiff brings this case against a single defendant, Superintendent Amsberry. He principally alleges that various prison employees (who are not currently named as defendants) retaliated and discriminated against him due to his sexual orientation, and that Amsberry oversees these individuals. Plaintiff seeks injunctive and monetary relief.

## STANDARDS

Pursuant to 28 U.S.C. § 1915A(a), the court is required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee and must dismiss a complaint if the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). In order to state a claim, plaintiff's complaint must contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that defendants violated plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556-57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949.

2 - ORDER TO DISMISS

Dismissal for failure to state a claim is proper if it appears beyond doubt that plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Ortez v. Washington County*, 88 F.3d 804, 806 (9th Cir. 1996); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). Because plaintiff is proceeding *pro se*, the court construes his pleadings liberally and affords him the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Ortez*, 88 F.3d at 806.

## DISCUSSION

As an initial matter, plaintiff has properly utilized a standard form pleading to initiate this case. The form pleading asks plaintiff to "Enter full name of ALL defendant(s)" in the caption of his Complaint so that the pleading complies with appropriate procedural rules. *See* Fed. R. Civ. P. 10(a) (requiring that all defendants be named in the caption of a complaint). The only defendant plaintiff names is Superintendent Amsberry. Although it is evident from the contents of his Complaint that plaintiff wishes to bring this lawsuit against additional individuals, because those individuals are not included in the caption of the Complaint, they are not properly named as defendants.

3 - ORDER TO DISMISS

In addition, a plaintiff wishing to bring a cause of action pursuant to 42 U.S.C. § 1983 must demonstrate compliance with the following factors: (1) a violation of rights protected by the Constitution or created by federal statute (2) proximately caused (3) by conduct of a person (4) acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). In this case, plaintiff does not identify a federal basis for any of his claims, but instead appears to raise challenges primarily predicated upon Oregon's Administrative Rules. In this respect, plaintiff fails to state a claim upon which relief may be granted.

Finally, plaintiff's lone allegation against Superintendent Amsberry is that she is "allowing" her prison personnel to violate their codes of conduct and ethics because they operate unprofessionally and abuse their positions of authority. A plaintiff "must plead that each . . . defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. A supervisor is liable for the constitutional violation of his or her employee if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. *Taylor*, 880 F.2d at 1045. Plaintiff fails to allege that Amsberry

4 - ORDER TO DISMISS

specifically knew of, participated in, or directed any federal violation. Instead, he appears to allege that Amsberry is subject to liability due to her supervisory role at his prison. Because there is no respondeat superior liability under § 1983, *Monell v. New York City Dep't. of Social Services*, 436 U.S. 658, 691-94 (1978), he fails to state a claim against Amsberry.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that plaintiff's Complaint (#2) is DISMISSED for failure to state a claim. Should plaintiff wish to proceed with this action, he must file an amended complaint curing the deficiencies noted above within 30 days of the date of this Order. Plaintiff is advised that his amended complaint may not incorporate any part of the original pleading by reference, and that failure to file an amended complaint shall result in the dismissal of this proceeding, with prejudice.

IT IS SO ORDERED.

DATED this 7th day of March, 2017.

_____
Michael H. Simon
United States District Judge

5 - ORDER TO DISMISS